**Linda J. Larkin**, OSB# 792954
E-mail: larkinl@bennetthartman.com
**BENNETT, HARTMAN, MORRIS & KAPLAN, LLP**
210 SW Morrison Street, Suite 500
Portland, OR   97204-3149
Telephone:  503-227-4600
Facsimile:  503-248-6800
**Attorney for All Plaintiffs**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| OREGON SHEET METAL WORKERS MASTER RETIREMENT TRUST, THE SHEET METAL WORKERS #16 HEALTH TRUST, THE SHEET METAL TRAINING FUND, AND THE COLUMBIA CHAPTER OF THE SHEET METAL AIR CONDITIONING CONTRACTORS' NATIONAL ASSOCIATION, INC., <br><br> Plaintiffs, <br> vs. <br> BOB CARLSON, INC., <br><br> Defendant. | Civil No. _____ <br><br> COMPLAINT <br><br> (ERISA Action for Delinquent Contributions, Pendent Claim for Breach of Agreement, Declaratory Judgment) |

**PARTIES**

1.      At all material times hereto, the duly appointed Trustees of the Plaintiff Trust funds were as follows:

a.      For the Oregon Sheet Metal Workers #16 Health Trust (the "Health Trust") the trustees are Fred Streimer, Carol Duncan, Jerry Henderson, Jim Klopfenstein, Martin Ralston, Kevin Roth, Joseph Harris, Charlie Johnson, and Shawn Eckelberry;

      b.      for the Oregon Sheet Metal Workers Master Retirement Trust (the "Retirement Trust") the Trustees are Fred Streimer, Steve Streimer, Jerry Henderson, Chris Miller, Charlie Johnson, Phil Sunderlin, Dennis Dover, Robert Riehl, and Brian Noble;

      c.      for the Oregon Sheet Metal Training Fund (the "Training Fund") the Trustees are Jerry Henderson, Kelly True, Sam Kalstad, Ken Phillips, Jeannette Lampe, Vanessa Steward, Charlie Johnson, Gordon Harvey, Dennis Dover, Robert Riehl; and

      d.      for the Columbia Chapter of the SMACNA Industry Fund (the "Industry Fund") the duly appointed director is Jerry Henderson.

2.      The Health Trust, the Retirement Trust, the Training Trust and the Industry Fund will collectively be referred to herein as the "Trust Funds." The Trust Funds are authorized to collect from signatory employers the fringe benefit contributions and other amounts required to be paid by employers under the Collective Bargaining Agreements ("CBAs") between the International Association of Sheet Metal Workers Local 16 (the "Union") and the signatory employers. The collection of fringe benefit contributions and other amounts required to be paid by employers is also governed by the provisions of the Trust Agreements for the Trust Funds to which the signatory employers are bound under the terms of the CBAs.

3.      At all material times hereto, each of the Trust Funds is an employee benefit plan within the meaning of 29 USC § 1002, *et. seq.* of the Employee Retirement Income Security Act of 1974, as amended (ERISA) and is administered by a Board of Trustees composed of an equal number of representatives from labor and management designated in accordance with the provisions of 29 USC § 186.

4.	At all material times hereto, defendant Bob Carlson Inc. was and is an Oregon corporation.

## JURISDICTION AND VENUE

5.	This court has jurisdiction over the First and Second Claims for Relief brought pursuant to Sections 502 and 515 of ERISA, 29 USC §§ 1132 and 1145.  Plaintiffs also seek relief pursuant to the Declaratory Judgment Act, 28 USC § 2201, *et seq*.

6.	Venue is proper pursuant to Section 502(e)(2) of ERISA, 29 USA § 1132;   29 U.S.C. § 185, et seq; and pursuant to the provisions of the Trust Agreements of the Trust Funds.

7.	At all material times to this proceeding, Defendant and the Union are parties to a written collective bargaining agreements which cover employees in an industry affecting commerce within the meaning of 29 U.S.C. § 185, et seq; and they are parties to a written Trust Agreement for the Trust Fund which is a multi-employer employee benefit plan within the meaning of 29 U.S.C. § 1132 et seq.

8.	The Trust Funds maintain their principal office, within the meaning of 29 USC § 1132(k) in the District of Oregon.

9.	By virtue of the provisions in the CBAs, defendant agreed to be bound by all the actions taken by the Employer Trustees pursuant to the Trust Agreements of the Trust Funds. The Trust Agreements provide that Plaintiffs may initiate legal proceedings in the venue of Multnomah County, Oregon.

10.	The Court should assume pendent jurisdiction over the Third Claim for Relief against defendant which allege breach of contract for the following reasons:

    a.	The Court has jurisdiction over Plaintiffs' First and Second Claims for Relief which allege violations of ERISA and of the LMRA;

      b.      The claims for breach of contract are based on the same operative facts which are alleged in Plaintiffs' ERISA and LMRA claims; and

      c.      Judicial economy, convenience and fairness to the parties will result if the Court assumes and exercises pendent jurisdiction over Plaintiffs' Third Claim for Relief.

## FIRST CLAIM FOR RELIEF

### (ERISA ACTION FOR OUTSTANDING TRUST FUND CONTRIBUTIONS AND SPECIFIC ENFORCEMENT OF THE CBA)

11.    Plaintiffs re-allege and incorporate by this reference paragraphs 1 through 10 of this complaint as if set forth in full.

12.    Under the terms of the CBAs, defendant agreed to report labor performed by its employees and pay all contribution and withholdings required under the CBAs and applicable Trust Agreements.

13.    Under the terms of the CBAs and the Trust Agreements of the Trust Funds, defendant agreed:

      a.      To file contribution reports for each period of covered employment;

      b.      To pay contributions and amounts owing by the twentieth (20th) day of the month following each applicable period of employment;

      c.      To pay liquidated damages to the Trust Funds for each month of delinquent contributions;

      d.      To pay interest at a rate of eighteen (18 %) percent per annum from the date contributions were due, until paid;

      e.      To pay reasonable attorney fees and costs for all collection efforts; and

      f.      To make available applicable books and records for the purpose of auditing same to determine the amount of its liability, and if a liability is determined to pay the expenses of the audit if delinquencies are found.

14.      Defendant failed to properly fund reports as required under the terms of the CBAs for the hours worked by its employees for the period of July 2015.

15.      The total underpayment of contributions as disclosed by defendant's reporting is in the amount of $8,477.11. Despite demand, defendant has failed to pay those contributions.

16.      Based upon the unpaid contributions defendant owes to the Trust Funds under the Trust Agreements, as amended, which govern the Trust Funds, now due and owing from defendant are liquidated damages delinquency charges to which the Trust Funds are entitled under the Trust Agreements and 29 USC § 1132(g)(2) in the sum of $1,500.00.

17.      Based upon the unpaid contributions owing to the Trust Funds under 29 USC § 1132(g) (2) and the Trust Agreements, as amended, which govern the Trust Funds now due and owing from defendant is interest on the unpaid contributions at the rate of eighteen (18 %) percent per annum from the date contributions were due, until paid.

18.      The Trust Agreements, as amended, which govern the Trust Funds provide that, in the event that defendant fails to pay employee benefit contributions and legal proceedings are instituted; the Trust Funds are entitled to recover a reasonable attorney fee to be determined herein.

19.      Plaintiffs are also entitled to recover a reasonable attorney fee from defendant pursuant to the provisions of 29 USC § 1132(g) of ERISA.

**SECOND CLAIM FOR RELIEF**

**(ERISA ACTION FOR OUTSTANDING TRUST FUND CONTRIBUTIONS, DECLARATORY JUDGMENT AND SPECIFIC ENFORCEMENT OF THE CBA)**

20.Plaintiffs re-allege and incorporate by this reference paragraphs 1 through 19 of this complaint as if set forth in full.

21.Under the terms of the CBAs, defendant agreed to report labor performed by its employees and pay all contribution and withholdings required under the CBAs and applicable Trust Agreements.

22.Defendant failed to file or fund contribution reports as required under the terms of the CBAs for the hours worked by its employees for the period of August 2015 to the present.

23.Plaintiffs are entitled to a declaratory interlocutory judgment ordering Defendant to file contribution reports for the hours worked by its employees for the period of August 2015 to the present or in the alternative to require Defendant to produce its payroll books and records to be audited for the purpose of determining the hours worked by its employees for the period of August 2015 to the present.

24.If it is determined that there are unpaid contributions which defendant owes to the Trust Funds under the Trust Agreements, as amended, then the Trust Funds should be entitled to further apply for Judgment for the unpaid contributions, liquidated damages, interest and legal fees, court costs and audit costs incurred herein.

## THIRD CLAIM FOR RELIEF
### (BREACH OF CONTRACT)

25.Plaintiff re-alleges paragraphs 1 through 24 above as if fully set forth herein.

26.Plaintiffs and defendant entered into a Settlement Agreement and Promissory Note on March 4, 2015 for sums owed by defendant for delinquent employee benefit contributions, and/or liquidated damages, interest, and other wage withholdings arising from

hours worked during December 2010 through February 2011, together with attorneys' fees and court costs.

27.  Under the terms of the Settlement Agreement and Promissory Note, defendant agreed to pay to Plaintiffs the total sum of $5,085.44 and to make its monthly contribution payments in a timely fashion.

28.  Defendant failed to make the payments due under the Settlement Agreement and further defendant failed to timely pay its monthly contributions as required under the terms of the Settlement Agreement and the Settlement Agreement is in default, the balance due in full.

29.  The last payment made under the Settlement Agreement was received on August 31, 2015; and, payments are now in default; the balance due under that note is $1,572.12 together with interest as provided in the terms of the Note at the rate of eighteen (18%) per cent per annum from August 31, 2015 until paid in full.

30.  The terms of the Promissory Note, incorporated into the Settlement Agreement by reference, provide that in the event any suit, collection action or other proceedings are required in a court of law or administrative agency to enforce the terms of the Promissory Note, the prevailing party shall be entitled to an award of attorney fees costs and expenses.

WHEREFORE, plaintiffs pray for judgment against defendant as follows:

1. Under the First Claim for Relief:

    a. For unpaid contributions in the amount of $19,286.85;

    b. For liquidated damages in the sum of $1,500.00; and

    c. For interest on the outstanding amount due from the date due (August 20, 2015) until paid at the rate of eighteen (18 %) percent per annum.

2. Under the Second Claim for Relief:

      a.      For Interlocutory Declaratory relief entitled Plaintiffs to examine Defendant's payroll books and records and determine if contributions are due and owing for hours worked by Defendant's employees during the months of August 1, 2015 to the present; and

      b.      If contributions are found to be due and owing for a Judgment in the amount of said contributions due, together with liquidated damages, interest and Plaintiffs reasonable legal costs, audit costs, and attorney fees incurred herein.

3.      Under the Third Claim for Relief:

      a.      For the remaining amount due under the Settlement Agreement and Promissory note of $1,572.12; and

      b.      For interest on the balance due under the note at the rate of eighteen per cent per annum as provided in the note from the date due of August 31, 2015 until paid,

4.      Under all claims for Relief, for plaintiffs' reasonable attorney fees and costs and disbursements incurred herein.

DATED: this 16th day of November, 2015.

BENNETT, HARTMAN, MORRIS & KAPLAN, LLP

/s/ Linda J. Larkin
Linda J. Larkin, OSB No. 792954
Telephone: 503-227-4600
E-Mail: larkinl@bennetthartman.com
Attorney for All Plaintiffs